**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **YOLANDA E. QUEWON** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:25-cv-06891-JDW** |
| | : | |
| **PHILADELPHIA HOUSING** | : | |
| **AUTHORITY,** *et seq.* | : | |
| **Defendants.** | : | |

**MEMORANDUM**

Yolanda Quewon seeks leave to proceed *in forma pauperis* and to pursue claims against four defendants. Her Amended Complaint is vague and hard to understand. However, to the extent I can understand it, it does not assert plausible claims against any defendant. I will therefore dismiss it without prejudice and give her a chance to file a second amended complaint that includes the required factual detail.

**I.    BACKGROUND**

Ms. Quewon alleges that she is on a fixed income and rents her home from PHA. She claims that PGW "failed to protect [her] from retaliation and harassment as [she] challenge[d] the said defendants as to the violations." (ECF No. 7 at § III.C.) She claims that she suffers from mental injury because she can no longer cook, wash her clothes, or bathe herself, and from physical injury because she cannot get up the front steps of her home. She asserts Fourteenth Amendment due process claims against the City of Philadelphia, Philadelphia Gas Works, the Philadelphia Housing Authority, and Chuk Ukwa.

Ms. Quewon had a prior case before me in which she asserted claims against Mr. Ukwa and the PHA, alleging they harassed her to pay rent and utilities and failed to accommodate her disabilities. *See Quewon v. Phila. Hous. Auth.*, No. 24-6778, at ECF Nos. 7-11. I dismissed that case with prejudice after Ms. Quewon was unable to assert plausible constitutional or Fair Housing Act ("FHA") claims despite having had two chances to do so. In her Amended Complaint in this case, she contends that the earlier case was "under breach of contract and retaliation by the utility gas company violating the 2012 lease agreement." (ECF No. 7 at § III.C.)

Ms. Quewon filed this case on December 8, 2025. In her initial Complaint, she alleged that the PHA "failed to protect" her friend Yolanda Newson "by not having her pay[] rent and utilities from 2012-2025" and by not accommodating her disabilities at her PHA-rental property, such as installing "lifts" to access the third floor and basement. (ECF No. 2 at § II.D, III.C.) Ms. Quewon also alleged that Mr. Ukwa "continuously intimidate[ed]" Ms. Newson about paying rent and utilities "under a fraudulent contract." (*Id.*) Ms. Quewon also filed an application to proceed *in forma pauperis* on behalf of herself. In an Order dated January 6, 2026, I construed the initial Complaint as an attempt by Ms. Quewon to assert claims on behalf of Ms. Newson, which she may not do as a non-lawyer. I also denied the application to proceed *in forma pauperis* because it was submitted on behalf of Ms. Quewon when the Complaint was drafted with Ms. Newson as the real party

in interest. Ms. Quewon returned with a revised application to proceed *in forma pauperis* and an Amended Complaint, both of which she submitted on behalf of herself.[1]

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw

---

[1] Ms. Quewon's Amended Complaint is the governing pleading in the case because an amended complaint supersedes the prior complaint. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). The Court cannot look to the original Complaint "to help fill the factual void in [the plaintiff's] amended complaint." *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing *Royal Canin U.S.A.*, 604 U.S. at 35; *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (explaining that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See*

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not

suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her

allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Ms. Quewon has filled out the required forms and attested under penalty of perjury

that she lacks the income or assets to pay the required filing fees. I will therefore grant

her leave to proceed *in forma pauperis*.

### B.    Plausibility Of Claims

It is hard to determine what claims Ms. Quewon asserts because the Amended

Complaint contains limited factual allegations that are vague and, at times, unintelligible.

In that respect, the claims violate Fed. R. Civ. P. 8, which requires a short, plain statement

of the facts. Although Ms. Quewon appears to assert due process claims against PGW, the

basis of any other claim against the utility is not clear. Ms. Quewon vaguely mentions

PGW's alleged violation of a lease agreement and failure to protect her from retaliation

and harassment but asserts no substantive allegations to support these isolated

references. Similarly, the basis of her claims against Mr. Ukwa and PHA is not clear. Ms.

Quewon asserts no substantive allegations against Mr. Ukwa and PHA apart from

referencing "violations" described in her prior lawsuit against these Defendants. As a

result, the Amended Complaint fails to give any Defendant fair notice of the grounds upon which her claims rest. *See White v. Barbe*, 767 F. App'x 332, 334-35 (3d Cir. 2019) (*per curiam*). However, I've done my best to parse the claims to determine what Ms. Quewon attempts to assert, and I analyze those claims below.

### 1.    Claims against the City and PGW

As best I can tell, Ms. Quewon asserts Fourteenth Amendment due process claims in connection with PGW's discontinuation of gas service to her PHA-leased home. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The due process clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) [s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to [her] did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). "The fundamental requirement

of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (cleaned up).

As a public utility operating under the management of the City of Philadelphia, PGW is considered a municipal agency for purposes of § 1983. *See Valentin v. Phila. Gas Works*, 128 F. App'x 284, 285-86 (3d Cir. 2005). Ms. Quewon asserts no allegations about a policy or custom of the City of Philadelphia or PGW that caused the alleged due process violations. Nor does she allege any facts about the process she was provided (*i.e.,* notice and opportunity to be heard) prior to the discontinuation of gas service, let alone how that process was deficient. Thus, Ms. Quewon has not stated a plausible § 1983 claim against PGW or the City of Philadelphia. *See McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

### 2. Claims against the PHA and Mr. Ukwa

As noted above, Ms. Quewon asserts no substantive allegations against Ukwa and PHA in the Amended Complaint and thus fails to state a plausible claim against either one. However, to the extent that Ms. Quewon attempts to assert claims against these Defendants based on their "harassment" about paying rent and utilities or their failure to accommodate her disabilities, she has already litigated these claims against them in her prior lawsuit, which I dismissed with prejudice. *See Quewon v. Phila. Hous. Auth.*, No. 24-6778, 2025 WL 1243064, at *2 (E.D. Pa. Apr. 29, 2025); *Quewon v. Phila. Hous. Auth.*, No. 24-6778, 2025 WL 875798, at *3 (E.D. Pa. Mar. 20, 2025). Thus, if Ms.

Quewon intended to assert the same claims here, *res judicata* bars them. *See Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021).

## IV.    CONCLUSION

I will grant Ms. Quewon leave to proceed *in forma pauperis* and dismiss her Amended Complaint.[2] She may file a second amended complaint if she can cure the defects the Court has noted regarding her claims. An Order with additional instructions for amendment follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 21, 2026

---

[2] Although I don't think Ms. Quewon asserts breach of contract claims or any other state law claims, I can't say that for sure. To the extent she does, there is no independent basis for the Court's jurisdiction over any such claims. I will therefore dismiss them without prejudice. If Ms. Quewon files a Second Amended Complaint that includes a claim over which the Court has subject matter jurisdiction, then she may also re-assert any state law claims that she intends to pursue.