**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YOLANDA E. QUEWON | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:25-cv-06891-JDW |
| | : | |
| PHILADELPHIA HOUSING | : | |
| AUTHORITY, *et al.,* | : | |
| Defendants. | : | |

### MEMORANDUM

Yolanda Quewon's Second Amened Complaint seeks to hold the Philadelphia Housing Authority, Philadelphia Gas Works, and Chuk Ukwa liable, but her claims lack almost any factual detail. I have given Ms. Quewon a chance to amend her complaint once before, with the benefit of my analysis of her claims, and she still has not come close to stating a viable claim. I will therefore dismiss her Second Amended Complaint with prejudice.

## I.      BACKGROUND

Ms. Quewon's complaint is hard to decipher. In January 2026, she was getting ready to leave her home when "the gas people shut off [her] gas." (ECF No. 10 at § III.C.) This happened even though she has been paying PHA and separate utilities since 2012. She sent documentation of her payments about how "PGW et al. was notsupposed to pay my bill." (*Id.*) She references a separate federal case against PHA and alleges that "PGW et al

failed to protect [her] without having heat to warm or wash or shower in." (*Id.*) She names

PHA, "Philadelphia Gas Company," and Chuk Ukwa as defendants.

When Ms. Quewon filed this case, she asserted claims on behalf of her friend

Yolanda Newson. I therefore directed Ms. Newson to submit a signed complaint. Instead,

Ms. Quewon filed an Amended Complaint on her own behalf, along with a motion to

proceed *in forma pauperis*. On May 21, 2026, I issued a Memorandum and an Order

granting leave to proceed *in forma pauperis* and dismissing the Amended Complaint

without prejudice. In the Memorandum, I explained that her Amended Complaint lacked

factual detail and was largely unintelligible. I gave Ms. Quewon leave to file a second

amended complaint, and she did so on June 4, 2026.

## II.   STANDARD OF REVIEW

Because I granted Ms. Quewon leave to proceed *in forma pauperis*, I must screen

her SAC to determine whether it states a claim on which relief may be granted. *See* 28

U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under

Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the SAC

contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That

means I must accept the factual allegations in the SAC as true, draw inferences in favor of

Ms. Quewon, and determine whether there is a plausible claim. *See Shorter v. United

States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*,

556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

Ms. Quewon has not cured the defects in her claims. Her allegations remain vague, leaving it unclear what claims she asserts and against which Defendants. As best I can discern, Ms. Quewon again alleges claims based on PGW discontinuing the gas service at her home. Liberally construing Ms. Quewon's allegations, I understand her to assert a Fourteenth Amendment due process claim and a claim under Title II of the Americans With Disabilities Act ("ADA"). These claims fail for several reasons.

*First*, she has not asserted any facts to support a claim against Mr. Ukwa, including who he is and how he was involved in her alleged harm. A "defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Ms. Quewon has not offered any allegations about Mr. Ukwa's personal involvement in anything. In addition, Title II of the ADA only applies to public entitles, not to individuals. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002). Therefore, Ms. Quewon has not stated a plausible claim against Mr. Ukwa.

*Second*, Ms. Quewon again does not allege a plausible due process claim in connection with PGW's discontinuation of gas service to her home. She does not allege any facts about what process she received prior to the discontinuation of her gas service

3

or how that process was deficient. That is, she says nothing about whether she had notice and an opportunity to be heard, which are the hallmarks of due process. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). In addition, although PGW is a municipal entity, she alleges no facts to establish that the termination of her gas service was a product of a PGW policy or custom. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

*Third*, to the extent Ms. Quewon intended to assert a claim under Title II of the ADA, the claim fails because Ms. Quewon does not allege any facts to establish that she's disabled. Her conclusory statement that she is disabled is not enough. *See Fullman v. City of Philadelphia*, No. 24-0682, 2026 WL 736307, at *6 (E.D. Pa. Mar. 16, 2026). She also does not allege a factual basis for me to infer that PGW denied her a benefit or otherwise intentionally discriminated against her *because of* a disability. *See Haberle v. Troxell*, 885 F.3d 170, 181 (3d Cir. 2018) She therefore has not stated a plausible claim.

## IV.    CONCLUSION

I will dismiss Ms. Quewon's Second Amended Complaint because it lacks the factual detail needed to assert a plausible claim. Because Ms. Quewon has now had multiple chances to tell her story, including at least once after receiving my guidance in the form of a Memorandum, I conclude that future efforts to amend the complaint would be futile, and I will therefore dismiss the case with prejudice. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019).

BY THE COURT:

/s/ Joshua D. Wolson

**JOSHUA D. WOLSON, J.**

July 22, 2026